**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | **MDL No. 3060**<br>Master Docket Case No. 1:23-cv-00818<br>Honorable Mary M. Rowland |
| ROSA HAUCK<br><br>Plaintiff,<br><br>v.<br><br>L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., AFAM CONCEPT, INC. D/B/A JF LABS, INC., AVLON INDUSTRIES, BEAUTY BELL ENTERPRISES LLC F/K/A HOUSE OF CHEATHAM, INC., HOUSE OF CHEATHAM LLC, NAMASTE LABORATORIES LLC, SOFTSHEEN-CARSON LLC, STRENGTH OF NATURE, LLC,<br><br>Defendants. | **DEFENDANTS' ANSWER TO ROSA HAUCK'S SHORT FORM COMPLAINT AND JURY DEMAND**<br><br>**Civil Action No. 1:23-CV14127** |

Defendants[1] by and through counsel, hereby respond to Plaintiff's Short Form Complaint as follows:

1.      Plaintiff(s)/Injured Party/Decedent (hereinafter, "Plaintiff(s)") incorporate by reference Plaintiffs' Master Long Form Complaint in *In Re: Hair Relaxer Marketing, Sales Practices and Products Liability Litigation*, MDL 3060, filed as of May 15, 2023, as Document Number 106.

---

[1] Responding Defendants are AFAM CONCEPT, INC. D/B/A JF LABS, INC., AVLON INDUSTRIES, BEAUTY BELL ENTERPRISES LLC F/K/A HOUSE OF CHEATHAM, INC., HOUSE OF CHEATHAM LLC, NAMASTE LABORATORIES LLC, REVLON, STRENGTH OF NATURE, LLC.

**ANSWER: To the extent Paragraph 1 of the Short Form Complaint contains any factual allegations directed to Defendants, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint, which are therefore, denied. Further answering, each Defendant incorporates by reference their respective Answer and Affirmative Defenses to Plaintiff's Master Long Form Complaint filed in** *In Re: Hair Relaxer Marketing, Sales Practices and Products Liability Litigation***, MDL 3060, as Document Numbers 386, 376, 391, 392, 394, 387 and 388.**

2.      Plaintiff(s), ROSA HAUCK, file(s) this Complaint pursuant to CMO No. 2 and is to be bound by the rights, protections and privileges, and obligations of that CMO and other Orders of the Court. Further, in accordance with CMO No. 2, Plaintiff(s) hereby designate(s) the United States District Court for the SOUTHERN DISTRICT OF WEST VIRIGINA as Plaintiff's designated venue ("Original Venue"). Plaintiff makes this selection based upon one (or more) of the following factors (please check the appropriate box(es)):

_X__ Plaintiff currently resides in ___Thacker, West Virginia_____(City/State);

_X__ Plaintiff purchased and used Defendant(s)' products in _____West Virginia _____ (City/State);

___ The Original Venue is a judicial district in which Defendant _____ resides, and all defendants are residents of the State in which the district is located (28 U.S.C. § 1391(b)(1)).

___ The Original Venue is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, specifically (28 U.S.C. § 1391(b)(2)):_____.

___ There is no district in which an action may otherwise be brought under 28 U.S.C. § 1391, and the Original Venue is a judicial district in which Defendant _____ is subject to the Court's personal jurisdiction with respect to this action (28 U.S.C. § 1391(b)(3)).

___ Other reason (please explain): _____.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiff's Short Form Complaint, and, therefore, deny the same.**

3.      For purposes of diversity jurisdiction, Plaintiff is a citizen of WEST VIRGINIA.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiff's Short Form Complaint, and, therefore, deny the same.**

4.      Plaintiff is suing the following Defendants, and for purposes of diversity, whose

State of Incorporation/Formation and Principal Place of Business is as follows:

| Check All Applicable Defendants | Defendant | State of Incorporation or Formation | Principal Place of |
|---|---|---|---|
| ☒ | AFAM Concept, Inc. d/b/a JF Labs, Inc. | Illinois | Illinois |
| ☒ | Avlon Industries | Illinois | Illinois |
| ☒ | Beauty Bell Enterprises LLC f/k/a House of Cheatham, Inc. | Georgia | Georgia |
| ☐ | Godrej SON Holdings, Inc. | Georgia | Georgia |
| ☒ | House of Cheatham LLC | Delaware | Georgia |
| ☒ | L'Oréal USA, Inc. | Delaware | New York |
| ☒ | L'Oréal USA Products, Inc. | Delaware | New York |
| ☐ | Luster Products, Inc. | Illinois | Illinois |
| ☐ | McBride Research Laboratories, Inc. | Georgia | Georgia |
| ☒ | Namaste Laboratories LLC | Illinois | Illinois |
| ☒ | Revlon Consumer Products Corporation | Delaware | New York |
| ☒ | Revlon Group Holdings LLC | Delaware | Delaware |
| ☒ | Revlon, Inc. | Delaware | New York |

| | | | |
|---|---|---|---|
| ☒ | SoftSheen-Carson LLC | New York | New York |
| ☒ | Strength of Nature, LLC | Georgia | Georgia |
| ☐ | Other (Please identify): | | |
| ☐ | Other (Please identify): | | |
| ☐ | Other (Please identify): | | |

**ANSWER: Defendants admit to the "State of Incorporation or/Formation" and "Principal Place of Business" listed in Paragraph 4 of Plaintiff's Short Form Complaint. Further answering, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of Plaintiff's Short Form Complaint, and, therefore, deny the same.**

## CASE SPECIFIC FACTS REGARDING
## HAIR RELAXER PRODUCT USE AND INJURY

5.      Upon information and belief, Plaintiff began using hair relaxer product(s) on or about the following date 1995 and if applicable, stopped using hair relaxer product(s) on or about the following date: 2012.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiff's Short Form Complaint, and, therefore, deny the same.**

6.      Upon information and belief, Plaintiff used the following hair relaxer product(s), which Plaintiff contends caused and/or contributed to their injury(ies) and brings claims against the following Defendants:

| Defendant | Product List (Select All Applicable Product) |
|---|---|

| | |
|---|---|
| **AFAM Concept, Inc. d/b/a JF Labs, Inc.** | ☒ Hawaiian Silky - Crème Conditioning No Lye Silky Smooth Sheen Relaxer<br>☐ Hawaiian Silky - Herbal No Lye Conditioning Relaxer System with Tea Tree & Avocado Oil - 2 Applications<br>☒ Vitale - Olive Oil Anti-Breakage Relaxer No Base with Shea Butter - Regular Strength<br>☒ Vitale Pro - New Texture Salon Exclusive Hair Relaxer<br>☒ Vitale Mo'Body - Shea Butter Sensitive Scalp Relaxer with Oatmeal Protein<br>☒ Vitale - Life and Body - Hair Relaxer with Aloe Vera - Smooth Silky Texture<br>☐ Other (please specify): |
| **Avlon Industries, Inc.** | ☒ Affirm Crème Relaxer<br>☒ Affirm Sensitive Scalp Relaxer<br>☐ Affirm Dry & Itchy Scalp Relaxer<br>☐ Affirm FiberGuard Conditioning Crème Relaxer<br>☒ Affirm FiberGuard Sensitive Scalp Conditioning Relaxer<br>☐ Other (please specify): |
| **Beauty Bell Enterprises, LLC f/k/a House of Cheatham, Inc.** | ☐ Africa's Best Herbal Intensive No-Lye Relaxer System<br>☐ Originals by Africa's Best Originals Olive Oil Conditioning Relaxer<br>☒ Organics by Africa's Best Olive Oil Conditioning Relaxer System with<br>Extra Virgin Olive Oil ☐ Originals by Africa's Best Kids Originals Natural Conditioning Relaxer System<br>☐ Organics by Africa's Best Kids Organic Conditioning Relaxer System<br>☐ Organics by Africa's Best Kids Natural Conditioning Relaxer System<br>☐ Texture My Way Men's Texturizing Kit<br>☒ Texture My Way Women's Texturizing & Softening System<br>☐ Other (please specify): |
| **House of Cheatham, LLC** | ☐ Africa's Best Herbal Intensive No-Lye Relaxer System<br>☐ Originals by Africa's Best Originals Olive Oil Conditioning Relaxer<br>☒ Organics by Africa's Best Olive Oil Conditioning Relaxer System with Extra Virgin Olive Oil<br>☐ Originals by Africa's Best Kids Originals Natural Conditioning Relaxer System |

| | |
|---|---|
| | ☐ Organics by Africa's Best Kids Organic Conditioning Relaxer System<br>☐ Organics by Africa's Best Kids Natural Conditioning Relaxer System<br>☐ Texture My Way Men's Texturizing Kit<br>☐ Texture My Way Women's Texturizing & Softening System<br>☐ Other (please specify): |
| **L'Oreal USA, Inc./L'oreal USA Products, Inc./ SoftSheen-Carson LLC** | ☐ Dark and Lovely Beautiful Beginnings No-Mistake Smooth Relaxer<br>☐ Dark and Lovely Beautiful Beginnings No Mistake Curl Softener<br>☒ Dark and Lovely Healthy Gloss 5 Shea Moisture No Lye Relaxer<br>☐ Dark and Lovely Triple Nourished Silkening Relaxer<br>☐ Optimum Salon Haircare Defy Breakage No-Lye Relaxer<br>☐ Optimum Salon Haircare Amla Legend Relaxer<br>☐ Optimum Care Bodifying Relaxer<br>☐ Optimum Multi-Mineral Reduced pH Crème Relaxer<br>☐ Bantu No Base Relaxer<br>☐ Ultra Precise No-Lye Conditioning Relaxer<br>☐ Mizani Butter Blend Relaxer<br>☐ Mizani Butter Blend Sensitive Scalp Rhelaxer<br>☐ Mizani Butterblend Prosolvent Relaxer<br>☐ Mizani Classic Rhelaxer<br>☐ Mizani Sensitive Scalp Rhelaxer<br>☐ Care Free Curl – Cold Wave Chemical Rearranger Super Strength<br>☐ Look of Radiance Permanent Crème Relaxer Kit<br>☐ Other (please specify): |
| **Luster Products Company** | ☐ Luster's Pink Oil Moisturizer No-Lye Conditioning Relaxer<br>☐ Luster's Pink Oil Moisturizer Short Looks Texturizer<br>☐ Luster's Pink Oil Moisturizer Smooth Touch Relaxer<br>☐ PCJ Kit<br>☐ PCJ No Lye Kit - Adult<br>☐ PCJ No Lye Kit - Children's<br>☐ ShortLooks Colorlaxer Diamond Black<br>☐ ShortLooks Colorlaxer Passion Red |

| | |
|---|---|
| | ☐ ShortLooks Colorlaxer Sable Brown<br>☐ Other (please specify): |
| **McBride Research Laboratories** | ☐ Design Essentials Honey Nectar Relaxer Kit - Time Release Regular<br>Strength<br>☐ Design Essentials Sensitive Scalp Relaxer System<br>☐ Design Essentials Regular Conditioning Relaxer<br>☐ Other (please specify): |
| **Namaste Laboratories** | ☒ ORS Olive Oil Built-In-Protection No-Lye Relaxer – Full Application<br>☐ ORS Olive Oil No-Mix Salon Formula Crème Relaxer<br>☒ ORS Olive Oil Ultra Nourish Crème Hair Relaxer<br>☐ ORS Olive Oil Built-In-Protection No-Lye Relaxer – New Growth<br>☐ ORS Olive Oil Zone Relaxer – Targeted Touch-Up No-Lye Hair<br>Relaxer<br>☒ ORS Olive Oil Curl Stretching Texturizer<br>☐ ORS Olive Oil Crème on Crème Touch-Up No-Lye Hair Relaxer<br>☐ ORS Olive Oil Mild Touch Relaxer with 60% Lower Chemical<br>☐ ORS Olive Oil Texlax and Stretch Semi-Straightening System<br>☒ ORS Olive Oil Girls Built-In Protection Plus No-Lye Conditioning Hair Relaxer System<br>☐ ORS Olive Oil Girls Soft Curls No-Lye Crème Texture Softening System<br>☐ ORS HAIRepair No-Lye Conditioning Relaxer System with Cuticle Shield<br>☐ ORS Olive Oil Professional No-Lye Relaxer Kit<br>☐ ORS Olive Oil Professional Crème Relaxer<br>☐ Namasté Salon System Triple Emulsion Relaxer<br>☐ Namasté Salon System Crème Relaxer<br>☐ Namasté Salon System Conditioning Sensitive Scalp No-Lye Relaxer<br>☐ Namasté Salon System Crème Relaxer Salon Trial Pack<br>☐ (Other (please specify): |

| | |
|---|---|
| **Revlon, Inc./ Revlon Consumer Products Corporation/ Revlon Group Holdings LLC / Revlon** | ☐ African Pride – No Lye Relaxer Kit<br>☐ African Pride – No Base Relaxer<br>☐ African Pride – Multi Length Texturizer Kit<br>☐ African Pride – Dream Kids No Lye Relaxer Kit<br>☒ All Ways Natural – No Lye Conditioning Crème Relaxer Kit<br>☐ Arosci Aromaphoric Relaxer System<br>☒ Crème Of Nature Relaxer Cream<br>☐ Crème Of Nature Relaxer Kit Argan Oil<br>☒ Crème of Nature Herbarich Conditioning Crème Relaxer System Kit<br>☐ Crème of Nature Herbarich Conditioning Crème Relaxer and Texturizing System<br>☐ Crème of Nature Herbarich No Base Relaxer<br>☐ Crème of Nature No Base Relaxer<br>☐ Crème of Nature No Lye Relaxer<br>☐ Crème of Nature Sodium Relaxer Kit<br>☐ Crème Of Nature Cni No Lye Relaxer<br>☐ Crème Of Nature Cni Sunflower & Coconut Oil – Crème<br>☐ Crème Of Nature Eden Relaxer<br>☐ Fabulaxer No-Lye Relaxer<br>☐ Fabulaxer Gro-7<br>☒ Revlon Realistic No-Base Relaxer<br>☐ Revlon Realistic No Lye Relaxer Kit<br>☐ Other (please specify):_____ |
| **Strength of Nature, LLC** | ☐ African Pride Olive Miracle Deep Conditioning Crème-on-Crème No Lye Relaxer 8 Salon Pack Touch-Ups<br>☐ African Pride Olive Miracle Deep Conditioning Curls & Coils Texturizer<br>☒ African Pride Olive Miracle Deep Conditioning Curls & Coils Texturizer With Aloe Deep Conditioner<br>☐ African Pride Olive Miracle Deep Conditioning No-Lye Relaxer One Complete Application<br>☐ African Pride Olive Miracle Deep Conditioning No-Lye Relaxer, One Complete Touch-Up<br>☐ African Pride Shea Miracle Texture Softening Elongating System<br>☐ African Pride Dream Kids Olive Miracle (4) Touch-Up Relaxer Kit<br>☐ African Pride Dream Kids Olive Miracle Relaxer |

|  | ☐ African Pride Dream Kids Olive Miracle Touch-Up Relaxer Kit |
| --- | --- |

☐ African Pride Dream Kids Olive Miracle Touch-Up Relaxer Kit

☐ Dr. Miracle's No Lye Relaxer Kit

☐ Dr. Miracle's New Growth No-Lye Relaxer Kit

☐ Elasta QP Normal Relaxer Kit

☐ Elasta QP Normal Relaxer Kit 2 Applications

☐ Elasta QP Resistant Relaxer Kit

☐ Elasta QP Sensitive Scalp Kit 12 Application Economy Pack

☐ Elasta QP Sensitive Scalp Kit – 4 Applications

☐ Elasta QP No Base Crème Relaxer

☐ Elasta QP SOY OYL No-Base Relaxer

☐ Elasta QP SOY OYL 4 Application Anti-Dryness No Lye Relaxer Kit

☐ Elasta QP No-Base Relaxer

☐ Elasta QP Extra Body No-Base Regular Relaxer

☐ Elasta QP Extra Body No-Base Super Relaxer

☐ Gentle Treatment No-Lye Relaxer Gray Kit

☒ Gentle Treatment No-Lye Relaxer

☐ Just For Me Relaxer 1 Complete Touch Up Relaxer

☐ Just For Me 4 Application Salon Pack Relaxer

☐ Just For Me No-Lye Conditioning Crème Relaxer Kit

☐ Just For Me No-Lye Conditioning Crème Relaxer Kit with Coil & Curl Cream

☐ Just For Me No-Lye Conditioning Crème Relaxer Kit (Super) with Oil Moisturize Lotion

☐ Just For Me No-Lye Texture Softener System

☐ Just For Me No-Lye Texture Softener System with Hair & Scalp Butter

☐ Motions Classic Formula Smooth & Silken Hair Relaxer

☐ Motions Professional 12-Application Salon Pack

☐ Motions Silkening Shine No Lye Relaxer Kit

☐ Profectiv MegaGrowth Anti-Damage No-Lye Relaxer 2 Touch Up Application

☐ Profectiv MegaGrowth Anti-Damage No-Lye Relaxer 1 Complete Touch Up Application

☐ Profectiv Procision Relaxer Kit Regular

☐ Profectiv Relax and Refresh Kit Auburn Spice

☐ Profectiv Relax and Refresh Kit Cherry Fusion

☐ Profectiv Relax and Refresh Kit Jet Black

☐ Profectiv Relax and Refresh Kit Mahogany Brown

| | |
|---|---|
| | ☐ Profectiv Relax and Refresh Kit Silky Black<br>☐ Pro-Line Comb Thru Texturizer Kit<br>☐ SmartPerm No-Lye Anti-Breakage Relaxer System<br>☒ SmartPerm No-Lye Anti-Breakage New Growth Relaxer System, Smart Grow Stimulator<br>☐ SmartPerm Smart Valu No-Lye Anti-Breakage Relaxer Kit, 4 Applications<br>☐ Smart Perm Smart Valu Smart Gro Stimulator New Growth No-Lye Relaxer with GroRehab 4 Applications<br>☐ S&B® Botanicals™ 2 Application Relaxer<br>☐ S&B® Botanicals™ No-Lye Sensitive Scalp Relaxer, 1-App<br>☐ S&B® Botanicals™ No-Mix Texturizer 2-App, with Deep Conditioner<br>☐ S&B® Botanicals™ No-Mix Texturizer 2-App<br>☐ S&B® Botanicals™ Relaxer 8-Touch Up<br>☐ Soft & Beautiful No-Lye Crème Relaxer<br>☐ Soft & Beautiful No-Lye Ultimate Conditioning Relaxer System<br>☐ TCB Naturals Conditioning Argan Oil Vitamin E & Olive No-Lye Relaxer<br>☐ TCB Naturals Conditioning Argan Oil Vitamin E & Olive No-Lye Relaxer, 2 Applications<br>☐ TCB No-Base Crème Hair Relaxer with Protein & DNA<br>☐ UltraSheen Supreme Conditioning No-Lye Relaxer<br>☐ UltraSheen Ultra Moisturizing No-Lye Relaxer<br>☐ UltraSheen Ultra Moisturizing No-Lye Relaxer, with Keratin<br>☐ Other (please specify): |

**ANSWER: Defendants deny any hair relaxer products identified in Paragraph 6 of Plaintiff's Short Form Complaint caused any injury whatsoever. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of Plaintiff's Short Form Complaint and, therefore, deny those allegations.**

7.      Other manufacturer(s)/product(s) used by Plaintiff not identified above: N/A

**ANSWER: Defendants deny any hair relaxer products identified in Paragraph 7 of Plaintiff's Amended Short Form Complaint caused any injury. Defendants lack**

**knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of Plaintiff's Short Form Complaint, and, therefore, deny the same.**

8.  Plaintiff's use of Defendant(s) hair relaxer product(s) caused serious injuries and

damages including but not limited to the following:

☒ Uterine Cancer

☒ Endometrial Cancer

☐ Ovarian Cancer

☐ Other injuries and/or additional details (please

specify):_____

_____

_____

_____.

**ANSWER: Defendants deny any hair relaxer products identified in Paragraphs 6 or 7 of Plaintiff's Short Form Complaint caused any injury whatsoever. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of Plaintiff's Short Form Complaint, and, therefore, deny the same.**

9.  Approximate date(s) of diagnosis (injury(ies)), if applicable at this time, that

form(s) the basis of Plaintiff's claim(s): 2014.

**ANSWER: Defendants deny any hair relaxer products identified in Plaintiff's Short Form Complaint caused any injury. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of Plaintiff's Short Form Complaint, and, therefore, deny those allegations.**

**CAUSES OF ACTION AND THEORIES OF RECOVERY ADOPTED AND INCORPORATED IN THIS LAWSUIT**

10. Plaintiff(s) hereby adopt(s) and incorporate(s) by reference as if set forth fully

herein, all common factual allegations contained in paragraphs 1 through 114 of the Master

Long Form Complaint on file with the Clerk of the Court for the United States District

Court for the Northern District of Illinois in the matter entitled *In Re. Hair Relaxer Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 3060.

> **ANSWER: Each Defendant incorporates by reference their respective Answer and Affirmative Defenses to paragraphs 1 through 114 of Plaintiff's Master Long Form Complaint filed in In Re: Hair Relaxer Marketing, Sales Practices and Products Liability Litigation, MDL 3060, as Document Numbers 386, 376, 391, 392, 394, 387 and 388, as and for their respective answers to paragraph 10 of Plaintiff's Amended Short Form Complaint.**

11. Plaintiff(s) hereby adopt(s) and incorporate(s) by reference as if set forth fully herein, the following Causes of Action and the Prayer for Relief within the Master Long Form Complaint on file with the Clerk of the Court for the United States District Court for the Northern District of Illinois in the matter entitled *In Re. Hair Relaxer Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 3060:

⊠ Count I – Negligence and/or Gross Negligence

⊠ Count II – Negligent Misrepresentation

⊠ Count III – Negligence Per Se

⊠ Count IV – Strict Liability: Design Defect

⊠ Count V – Strict Liability: Failure to Warn

⊠ Count VI – Breach of Implied Warranty of Merchantability/ Fitness for a Particular Use

⊠ Count VII – Breach of Express Warranty under state law and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq.

⊠ Count VIII – Fraud/ Fraudulent Misrepresentation

⊠ Count IX – Fraudulent Concealment

⊠ Count X – U.S. State and Territory Statutory Consumer Protection and Unfair

or Deceptive Trade Practices Claims

☒ Count XI – Unjust Enrichment ]

☐ Count XII – Wrongful Death

☐ Count XIII – Survival Action

☐ Count XIV – Loss of Consortium

☐ Count XV – Punitive Damages

☐ Other Causes of Action:

_____

**ANSWER: Defendants deny that Plaintiff is entitled to any relief as to any of the causes of action listed in Paragraph 11 of Plaintiff's Short Form Complaint. Each Defendant incorporates by reference each Defendant's respective Answer and Affirmative Defenses to Plaintiff's Master Long Form Complaint in In Re: Hair Relaxer Marketing, Sales Practices and Products Liability Litigation, MDL 3060, as Document Numbers 386, 376, 391, 392, 394, 387 and 388, as and for their respective answers to paragraph 11 of Plaintiff's Short Form Complaint.**

12. Consortium Claim(s) (if applicable): The following individual(s) allege(s) damages for loss of consortium: _____.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiff's Short Form Complaint, and, therefore, deny the same.**

13. Survival and/or Wrongful Death Claim(s) (if applicable): The following individual(s) allege(s) damages for survival and/or wrongful death: _____.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiff's Short Form Complaint, and, therefore, deny the same.**

**JURY DEMAND**

Defendants hereby demand a trial by jury on all the triable issues in this action.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses to the allegations and claims set forth in the Short Form Complaint. All defenses asserted herein are pleaded in the alternative. No defense asserted herein constitutes an admission that any defendant is liable to any plaintiff in any way, that any plaintiff has been or will be injured, that Plaintiffs are relieved of their burden to prove each element of each of their claims and the damages or relief sought, or that any plaintiff is entitled to any relief whatsoever.

Subject to those limitations, and without assuming any burden of proof that they would not otherwise bear, Defendants hereby assert the following defenses to the Short Form Complaint and each and every claim and allegation therein. Defendants, or any one of them may assert other defenses that become available or known during the course of investigation or discovery in this litigation. Defendants reserve the right to amend this Answer, including the right to assert additional defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiffs' Complaint, and each claim for relief alleged therein, fails to state a claim upon which relief may be granted. The Complaint fails to articulate facts supporting any of the claims alleged. Plaintiff has not alleged facts supporting any finding that she was injured in any way by Defendant's conduct. Plaintiff fails to specifically identify a defect in any of Defendant's products that she used which may have contributed to her injury. Plaintiff fails to identify a single representation made by Defendant regarding a product that she purchased. The Complaint fails to state a single clam upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Federal Preemption)**

All of Plaintiff's claims are expressly preempted by federal law. 21 U.S.C. § 379s(a); 21 C.F.R. § 701.3(a), (*l*).  To the extent Plaintiff's claims, including but not limited to those brought under state consumer protection laws such as the West Virginia Consumer Credit and Protection Act ("CCPA") and/or the Kentucky Consumer Protection Act ("CPA"), attempt(s) to impose such additional or different requirements, they are barred.  *See PLIVA, Inc. v. Mensing*, 564 U.S. 604, 625 (2011); *see also Mut. Pharm. Co. v. Bartlett*, 570 U.S. 472, 480 (2013); *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 348 (2001); *Critcher v. L'Oréal USA, Inc.*, 959 F.3d 31 (2d Cir. 2020) (preempting state common law claims if they impose requirements different from or in addition to federal requirements); *Turek v. Gen. Mills, Inc.*, 662 F.3d 423, 427 (7th Cir. 2011) (same); *Tinsley v. OneWest Bank, FSB*, 4 F. Supp. 3d 805, 828 (S.D.W. Va. 2014) (preempting negligence claims based on CCPA because preempted under 12 C.F.R. § 560.2, *et seq.*); *Harrison v. TEAMCARE-A Cent. States Health Plan*, 187 F. Supp. 3d 812, 823 (E.D. Ky. 2016) (collecting cases).

Defendants preserve this defense as to all present and future claims brought under any state's consumer protection or labeling laws, and as to any theory of liability that conflicts with or supplements federal labeling standards for FDA-regulated products.

### THIRD AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

Plaintiff's Complaint, and each claim for relief therein, is barred by the applicable statutes of limitations.  *See* W. Va. Code Ann. § 55-2-12 (two-year limitations period for product liability, personal injury, negligence, fraud, and strict liability claims); *id.* § 46-2-275 (four-year limitations period for breach of express or implied warranty); *id.* § 46A-5-101 (four-year limitations period for consumer protection claims); Ky. Rev. Stat. Ann. § 413.410 (one-year

limitations period for personal injury, products liability); *id.* § 413.120(12) (five-year limitations

period for fraud); *id.* § 355.3-118(7) (three-year limitations period for breaches of warranties); *id.*

§ 367.220(5) (two-year limitations period for consumer protection claims). To the extent

Plaintiff's claims accrued beyond these statutory periods, they are time-barred as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Repose)

Plaintiff's Complaint, and each cause of action alleged therein, is barred by the applicable

statute of repose. Ky. Rev. Stat. Ann. § 342.316(4)(b) (five-year limitations period creating a

rebuttable presumption of non-defectiveness).


## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff's Complaint, and each cause of action alleged therein, is barred because Plaintiff

lacks standing to pursue one or more claims in the Complaint, including those for injunctive

relief, medical monitoring, restitution, or damages based on speculative or future harm. Article

III, West Virginia, and Kentucky law require a concrete, particularized, and actual or imminent

injury. *See Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W. Va. 80, 84 (2002); *Ward v.

Westerfield*, 653 S.W.3d 48, 52 (Ky. 2022). Plaintiff alleges none.

To the extent Plaintiff seeks relief under state consumer protection statutes, such claims

are further barred where Plaintiff fails to allege an "ascertainable loss of money or property"

resulting from the alleged conduct, as required by statutes like the CCPA and CPA. *See Jones v.

Sears Roebuck & Co.*, 301 F. App'x 276, 288 (4th Cir. 2008) (quoting W. Va. Code Ann. § 46A-

6-106); *Holland v. United Servs. Auto. Ass'n*, 707 S.W.3d 541, 555 (Ky. Ct. App. 2025) (same,

citing Ky. Rev. Stat. Ann. § 367.220(1)). The CCPA and CPA do not permit recovery for

speculative losses or trivial injuries. Because Plaintiff fails to allege a present, non-speculative injury under either federal or state law, these claims are nonjusticiable and must be dismissed.

## SIXTH AFFIRMATIVE DEFENSE
### (No Duty to Disclose)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because L'Oréal USA had no legal duty to disclose any material fact under West Virginia and Kentucky law. *See Maher v. Camp 4 Condo. Ass'n, Inc*., 249 W. Va. 433, 440 (Ct. App. 2023); *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 641 (Ky. Ct. App. 2003). L'Oréal USA did not conceal or omit any fact it was legally obligated to disclose and expressly denies having any duty to disclose under West Virginia and Kentucky law.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Identify Product)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because Plaintiff has failed to identify any specific product manufactured, distributed, or sold by L'Oréal USA that allegedly caused her injuries. *See McNair v. Johnson & Johnson*, 241 W. Va. 26, 38 (2018).

## EIGHTH AFFIRMATIVE DEFENSE
### (No Reliance)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because Plaintiff did not rely on any statement, representation, or omission made by, or attributable to, L'Oréal USA.

### NINTH AFFIRMATIVE DEFENSE
**(Failure to Allege Actual Injury or Damages)**

Plaintiff's Complaint, and each cause of action alleged therein, is barred to the extent Plaintiff has failed to allege any actual injury, damage, or loss proximately caused by L'Oréal USA

### TENTH AFFIRMATIVE DEFENSE
**(Failure to Plead Fraud with Particularity – Fed. R. Civ. P. 9(b))**

Plaintiff's fraud-based claims, including those premised on product labeling, advertising, and marketing, are deficient as a matter of law for lack of particularity. Fed. R. Civ. P. 9(b).

### ELEVENTH AFFIRMATIVE DEFENSE
**(Laches)**

Plaintiff's Complaint, and each claim for relief therein, is barred by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE
**(Waiver)**

Plaintiff, by her own conduct, has waived each of the claims alleged in the Complaint and, as a consequence thereof, Plaintiff is barred from seeking the relief sought, or any relief whatsoever.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Estoppel)**

Plaintiff is estopped by reason of her own conduct from recovering on the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (State of the Art)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred to the extent L'Oréal USA acted in conformity with applicable federal safety regulations and the prevailing scientific, technical, and industry knowledge at the time the product was manufactured, labeled, or sold. *Reed v. Tiffin Motor Homes, Inc*., 697 F.2d 1192, 1197 (4th Cir. 1982); *Church v. Wesson*, 182 W. Va. 37, 40 (1989); *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 411 (Ky. 1998).

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Assumption of the Risk)

Plaintiff's Complaint, and each claim for relief therein, is barred because her injuries, if any, were sustained by voluntarily and unreasonably proceeding to encounter a known risk.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

Plaintiff's claims are barred or diminished under West Virginia's modified comparative fault regime. Plaintiff's own negligence in using the products at issue was a substantial factor in causing the alleged injuries. Under West Virginia law, a plaintiff found more than fifty percent at fault recovers nothing. W. Va. Code Ann. § 55-7-13a. Even where fault is below that threshold, damages must be reduced in proportion to the plaintiff's share. *See id*. Where relevant, Plaintiff's claims are barred or diminished under Kentucky's pure comparative negligence regime. Ky. Rev. Stat. Ann. § 411.182.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Apportionment)

If Plaintiff sustained any injuries or incurred the expenses as alleged, which L'Oréal USA expressly denies, such purported injuries or expenses were directly and proximately caused by the negligence or fault of third parties beyond L'Oréal USA's control, including individuals or entities not named in the Complaint. L'Oréal USA neither supervised nor bore responsibility for their conduct and cannot be held liable for their acts or omissions. Any recovery must be apportioned accordingly. *See Modular Bldg. Consultants of W. Virginia, Inc. v. Poerio, Inc*., 235 W. Va. 474, 484 (2015); *Owens Corning Fiberglas Corp. v. Parrish*, 58 S.W.3d 467, 475 (Ky. 2001).

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Unforeseeable Product Misuse)

Plaintiff's Complaint, and each cause of action alleged therein, is barred because she misused or altered the alleged products in a manner that was not reasonably foreseeable to L'Oréal USA.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Obvious Danger/User Experience)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred to the extent the alleged risks were open and obvious or known to Plaintiff based on her background, experience, or training. A manufacturer has no duty to warn of dangers that are apparent to an ordinary user. *See Butner v. Highlawn Mem'l Park Co.*, 247 W. Va. 479, 486 (2022).

### TWENTIETH AFFIRMATIVE DEFENSE
**(Learned Intermediary)**

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because L'Oréal USA provided reasonable and adequate warnings to learned intermediaries, relieving L'Oréal USA of further duty to warn under applicable law.

### TWNETY-FIRST AFFIRMATIVE DEFENSE
**(Utility Outweighs Risk of Harm)**

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because the utility of any product allegedly at issue outweighs any purported risks. Design defect claims are evaluated under a risk-utility test that considers product utility, likelihood and severity of harm, feasibility of safer alternatives, and user awareness. *See Estep v. Mike Ferrell Ford Lincoln-Mercury, Inc*., 223 W. Va. 209, 220 (2008); *Ostendorf v. Clark Equip. Co*., 122 S.W.3d 530, 535 (Ky. 2003). For any product Plaintiff may be referring to its benefits outweighed any purported risk.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
**(No General or Specific Causation)**

Plaintiff's Complaint, and each cause of action alleged therein, is barred because her alleged injury was the result of an intervening and/or superseding cause.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
**(Intervening/Superseding Cause)**

Plaintiff's Complaint, and each cause of action alleged therein, is barred because her alleged injury was the result of an intervening and/or superseding cause.

**TWENTY-FOUR AFFIRMATIVE DEFENSE**
**(No Market Share or Alternative Liability)**

West Virginia and Kentucky law do not permit liability without proof that the defendant's product caused the alleged harm. Market share and alternative liability theories are not recognized in West Virginia or Kentucky product liability actions. *Dawson v. Bristol Labs.*, 658 F. Supp. 1036, 1040 (W.D. Ky. 1987)

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**(Regulatory Compliance)**

At all relevant times, L'Oréal USA complied with all applicable laws, regulations, and industry standards, including those promulgated by the U.S. Food and Drug Administration and other relevant authorities. Accordingly, Plaintiff's claims are barred in whole or in part.

To the extent Plaintiff seeks to ground her claims in alleged regulatory violations or deceptive marketing, those claims fail. The Complaint identifies no regulatory breach, no misleading conduct, and no omission that could support liability.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
**(No Express Warranty)**

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because Plaintiff failed to identify misrepresentations in connection with any purchase of alleged products and therefore no such statements exist for the basis of any bargain.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (No Timely Notice)

To the extent Plaintiff failed to provide timely pre-suit notice of any alleged breach of warranty or consumer-related claim, recovery is barred. *See Leeper v. Banks*, 487 S.W.2d 58, 59 (Ky. 1972).

## TWENTY-EIGTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

To the extent Plaintiff has sustained damages, Plaintiff has contributed in a direct and proximate manner to the same by failing to act reasonably and prudently to mitigate her damages. Plaintiff's damages, if any, must be reduced by the extent to which those damages were proximately caused by Plaintiff's failure to mitigate her own damages.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Economic Loss Rule)

To the extent Plaintiff seeks recovery for purely economic loss, the Complaint fails. Plaintiff alleges no personal injury or property damage, and West Virginia and Kentucky law bar tort-based claims for economic loss absent a recognized exception. None is pled here. *See Aikens v. Debow*, 208 W. Va. 486, 494 (2000); *Giddings & Lewis, Inc. v. Indus. Risk Insurers*, 348 S.W.3d 729, 733 (Ky. 2011).

## THIRTIETH AFFIRMATIVE DEFENSE
### (Primary Jurisdiction)

Plaintiff's claims are barred by the doctrine of primary jurisdiction. Plaintiff's claims are premised on the allegation that L'Oréal USA's hair-relaxer products were not safe and effective. Plaintiff's allegations necessarily implicate medical and scientific issues that are outside the

conventional experience of judges and/or jurors and particularly within the expertise, discretion, and regulatory authority of the United States Food and Drug Administration ("FDA"). Judicial resolution of these claims without input from the FDA risks conflicting standards and improper interference with the agency's exclusive authority. Courts routinely defer such matters to the FDA under the doctrine of primary jurisdiction. *See Schering-Plough Healthcare Prods., Inc. v. Schwarz Pharma, Inc.*, 547 F. Supp. 2d 939, 944 (E.D. Wis. 2008) (declining to adjudicate labeling claim where doing so would require interpreting FDA regulations and intrude on agency authority).

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Medical Monitoring Not Cognizable)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred to the extent it seeks medical monitoring, to the extent West Virginia and Kentucky do not recognize medical monitoring as a standalone cause of action or form of damages without proving that the plaintiff has been exposed to a "proven hazardous substance." *See Bower v. Westinghouse Elec. Corp.*, 206 W. Va. 133, 142 (1999); *see also Wood v. Wyeth-Ayerst Labs., Div. of Am. Home Prods.*, 82 S.W.3d 849, 854 (Ky. 2002). Accordingly, any claim for medical monitoring fails as a matter of law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Preservation of Choice-of-Law and Time-Bar Defenses Across Jurisdictions)

To the extent Plaintiff resided in, purchased, or used the products at issue in multiple states, or seeks relief under the laws of any state other than West Virginia and/or Kentucky, L'Oréal USA expressly preserves all applicable defenses under the statutes of limitations and statutes of repose of those jurisdictions, including but not limited to those governing product liability, personal injury, consumer protection, fraud, breach of warranty, and unjust enrichment claims. This includes any time bars or repose periods under the laws of the forum state,

Plaintiff's state of injury, state of residence, or state of product exposure. No statement in this Answer shall be construed as a waiver of any choice-of-law defense or as a concession that West Virginia and/or Kentucky law govern any or all of Plaintiff's claims.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Incorporation of Master Defenses)

L'Oréal USA adopts and incorporates by reference each and every affirmative defense asserted in its Answer to the Master Long Form Complaint in this MDL as though fully set forth herein. These defenses are asserted to preserve all available arguments and objections applicable to the claims and allegations in Plaintiff's Complaint, including those that may become more fully developed as this litigation progresses.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred by the doctrine of unclean hands. To the extent Plaintiff engaged in inequitable, misleading, or improper conduct relating to the claims asserted, such conduct forecloses the equitable relief sought. Equity does not aid those who come to court with unclean hands, and Plaintiff cannot obtain relief where fairness has been compromised by her own conduct.

### THIRTY -FIFTH AFFIRMATIVE DEFENSE
### (Sophisticated User)

Plaintiff's Complaint, and each claim for relief alleged therein, is barred because she is a sophisticated user of the alleged products and therefore knew or should have known of any alleged inherent risks.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Lack of Privity)

Plaintiff's warranty claims are barred by lack of privity.  *See Compex Intern. Co., Ltd. v. Taylor*, 209 S.W.3d 462, 465 (Ky. 2006).

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (No Reliance)

Plaintiff did not rely to her detriment upon any statement, let alone any misrepresentation, made by, or properly attributable to, Defendant.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (No Misrepresentation)

Without admitting to making any representation alleged in Plaintiff's Complaint, to the extent that any conduct by Defendant should be construed as making any representation alleged in the Complaint, that representation was not and is not tantamount to any misrepresentation.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendant adopts and incorporates herein, in its entirety, by reference, all Affirmative Defenses raised in Defendant's Answer to the Master Long Form Complaint in the above-titled MDL.

## FORTIETH AFFIRMATIVE DEFENSE
### (Revlon-Only Bankruptcy Defense – Revlon's Third Amended Joint Plan of Reorganization (the "Plan"))

Plaintiff's Complaint, and each cause of action alleged therein, are barred because they assert claims on behalf of those who have failed to (i) submit a valid Proof of Claim in the bankruptcy court and/or (ii) commence a timely action in the multidistrict litigation ("MDL")

before this Court, in violation of the Plan and the bar date and confirmation orders of the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court").[2]

## FORTY-FIRST AFFIRMATIVE DEFENSE
### (Revlon-Only Bankruptcy Defense – Bankruptcy Plan Discharge Of Claims)

Plaintiff's Complaint, and each cause of action alleged therein, are barred because they violate the Bankruptcy Court's bar date and confirmation orders and the Plan, to the extent it includes putative and are thus legally barred from pursuing any claim or liquidating any judgment against Revlon.

## FORTY-SECOND AFFIRMATIVE DEFENSE
### (Revlon-Only Bankruptcy Defense – Bankruptcy Plan Bar on Liquidation)

Plaintiff's Complaint, and each cause of action alleged therein, are barred because all hair straightening claims that failed to comply with the Plan and arose prior to the Plan's effective date were permanently enjoined and fully discharged in bankruptcy, and any judgments based on such claims cannot be liquidated and no funds can be distributed from the estate to satisfy any such judgment.

## FORTY-THIRD AFFIRMATIVE DEFENSE
### (Revlon-Only Bankruptcy Defense – Inadequate Representatives)

Plaintiff failed to file a timely Proof of Claim in the Bankruptcy Court or a timely individual complaint in this MDL, such claims are barred by the Plan and the Bankruptcy Court's bar date and confirmation orders.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

---

[2] *See In re Revlon, Inc.*, Case No. 22-10760 (DSJ) (Bankr. S.D.N.Y.), Dkt. Nos. 1574 (supplemental bar date order), 1746 (confirmation order), 1860 (the Plan).

**(Revlon-Only Bankruptcy Defense – Duplicative Cause of Action)**

Plaintiff's Complaint, and each cause of action alleged therein, should be dismissed because they are duplicative.

## FORTY-FIFTH AFFIRMATIVE DEFENSE
**(Revlon-Only Bankruptcy Defense – Full Force And Effect of the Plan)**

Plaintiff's Complaint, and each cause of action alleged therein, are barred because the Plan governs the disposition of each of the Plaintiff's alleged cause of action and this Court must give full force and effect to the Plan.

## FORTY-SIXTH AFFIRMATIVE DEFENSE
**(Revlon-Only Bankruptcy Defense – No Waiver)**

Revlon reserves the right to assert any and all arguments and objections before the Bankruptcy Court, including but not limited to (i) the timeliness and validity of any Proof of Claim filed in the bankruptcy court; (ii) the timeliness and validity of any complaint filed in this MDL; and (iii) any other defenses and objections that may be raised under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, or any other applicable law or equity.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Short Form Complaint, Defendants pray

that they be discharged without liability, with all costs of this action cast upon Plaintiffs, and that

they be given a trial by jury as to all proper causes of actions and issues in this case.

Dated this the 30th day of June, 2025.

Respectfully submitted,

*/s/Joseph J. Welter*
Joseph J. Welter
Ryan M. Frierott
Jodi Dyan Oley
**GOLDBERG SEGALLA**
665 Main Street
Buffalo, NY 14203
T: (716) 566-5457
jwelter@goldbergsegalla.com
rfrierott@goldbergsegalla.com
joley@goldbergsegalla.com

*Counsel for AFAM Concept, Inc.*

Richard J. Leamy, Jr.
Kristen A. Schank
Anna Morrison Ricordati
WIEDNER & MCAULIFFE, LTD.
1 N. Franklin St., Suite 1900
Chicago, Illinois 60606
T: (312) 855-1105
rjleamy@wmlaw.com
kaschank@wmlaw.com
amricordati@wmlaw.com

*Counsel for Defendant Avlon Industries, Inc.*

R. Trent Taylor
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
T: (804) 775-1182
F: (804) 225-5409
rtaylor@mcguirewoods.com

Patrick P. Clyder
Royce B. DuBiner
**MCGUIREWOODS LLP**
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
T: (312) 849-8100
F: (312) 849-3690
pclyder@mcguirewoods.com
rdubiner@mcguirewoods.com

*Counsel for Defendant House of Cheatham LLC*

Joseph P. Sullivan
Kevin A. Titus
Bryan E. Curry
**LITCHFIELD CAVO LLP**
303 W. Madison, Suite 300
Chicago, IL 60606
T: 312-781-6677
F: 312-781-6630
sullivanj@litchfieldcavo.com
titus@litchfieldcavo.com
curry@litchfieldcavo.com

*Counsel for Defendant Beauty Bell Enterprises,
LLC f/k/a House of Cheatham, Inc.*

Mark C. Goodman
**BAKER & MCKENZIE LLP**
101 California Street, Ste 4100
San Francisco, California 94111
T: (415) 576-3080
mark.goodman@bakermckenzie.com

*Defense Liaison Counsel and Counsel for
Defendant Namasté Laboratories, LLC*

Mark D. Taylor
**BAKER & MCKENZIE LLP**
1900 North Pearl Street, Suite 1500
Dallas, Texas 75201
T: (214) 978-3000
mark.taylor@bakermckenzie.com

Colleen Baime
Laura Kelly
**BAKER & MCKENZIE LLP**
300 East Randolph Street, Suite 5000
Chicago, Illinois 60601
T: (312) 861-2510
colleen.baime@bakermckenzie.com
laura.kelly@bakermckenzie.com

Maurice Bellan
Teisha C. Johnson
**BAKER & MCKENZIE LLP**
815 Connecticut Avenue, NW
Washington DC 20006
T: (202) 452-7057
maurice.bellan@bakermckenzie.com
teisha.johnson@bakermckenzie.com

Barry Thompson
**BAKER & MCKENZIE LLP**
10250 Constellation Boulevard, Suite 1850
Los Angeles, CA 90067
T: (310) 201-4703
barry.thompson@bakermckenzie.com

*Counsel for Defendant Namasté Laboratories, LLC*

Lori B. Leskin
E. Dean Harris Porter
**ARNOLD & PORTER KAYE SCHOLER, LLP**
250 West 55th Street
New York, NY 10019
T: (212) 836-8641
F: (212) 836-8689
Lori.leskin@arnoldporter.com
Dean.Porter@arnoldporter.com

Rhonda R. Trotter
**ARNOLD & PORTER KAYE SCHOLER, LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
T: (213) 243-4000
F: (213) 243-4199
Rhonda.Trotter@arnoldporter.com

*Counsel for Defendants Strength of Nature LLC;
Strength of Nature Global LLC; and Godrej SON
Holdings*

Robert A. Atkins
Daniel H. Levi
Shimeng (Simona) Xu
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
T: (212) 373-3000
ratkins@paulweiss.com
dlevi@paulweiss.com
sxu@paulweiss.com

Randy S. Luskey
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
T: (628) 432-5112
rluskey@paulweiss.com

David E. Cole
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
T: (202) 223-7348
dcole@paulweiss.com

Edward P. Abbot
**ECKERT SEAMANS CHERIN & MELLOT, LLC**
275 Madison Avenue 10th Floor
New York, NY 10016
T: (646) 513-2358
eabbot@eckertseamans.com

*Counsel for Defendants Revlon, Inc., Revlon Consumer Products Corporation, Revlon Group Holdings LLC and Roux Laboratories, Inc.*

CC:

Edward A. Wallace
**WALLACE MILLER**
150 N. Wacker Dr., Suite 1100
Chicago, Illinois 60606
Email: eaw@wallacemiller.com

Fidelma L. Fitzpatrick
**MOTLEY RICE LLC**
40 Westminster Street, Fifth Floor
Providence, Rhode Island 02903
Tel.: 401-457-7700
Email: ffitzpatrick@motleyrice.com

Michael A. London
**DOUGLAS & LONDON, P.C.**
59 Maiden Lane, Sixth Floor
New York, New York 10038
Tel.:212-566-7500
Email: mlondon@douglasandlondon.com

Benjamin L. Crump
**BEN CRUMP LAW FIRM**
122 South Calhoun Street
Tallahassee, Florida 32301
Tel.: 850-224-2020
Email: ben@bencrump.com

Diandra "Fu" Debrosse Zimmermann
**DICELLO LEVITT LLP**
505 20th Street North - Suite 1500
Birmingham, Alabama 35203
Tel.: 312-214-7900
Email: fu@dicellolevitt.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 3060**<br>Master Docket Case No. 1:23-cv-00818<br>Honorable Mary M. Rowland |
| BRIDGET BOATWRIGHT<br><br>          Plaintiff,<br><br>v.<br><br>AFAM Concept, Inc. d/b/a JF Labs, Inc., Godrej SON Holdings, Inc., L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., SOFTSHEEN-CARSON LLC., GODREJ SON HOLDINGS, INC., STRENGTH OF NATURE, LLC., REVLON, INC., REVLON GROUP HOLDINGS LLC., REVLON CONSUMER PRODUCTS CORPORATION., NAMASTE LABORATORIES LLC.,<br><br>          Defendants. | **DEFENDANTS' ANSWER TO BRIDGET BOATWRIGHT'S SHORT FORM COMPLAINT AND JURY DEMAND**<br><br>**Civil Action No. 1:23-CV-06876** |

CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2025, I filed the foregoing Answer utilizing the Court's

CM/ECF System, which would thereby notify all CM/ECF participants in this case.

Dated: June 9, 2025

Respectfully submitted,

*/s/Joseph J. Welter*
Joseph J. Welter
GOLDBERG SEGALLA
665 Main Street
Buffalo, NY 14203
T: (716) 566-5457
jwelter@goldbergsegalla.com
*Counsel for AFAM Concept, Inc.*